**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---------------------------------------------------------------------  x
:
PATRICIA HOLTZ, AUNT MARLENE :
FOUNDATION, STEVEN GREENSPON, and :
TERENCE HEUEL, individually and on behalf :
of all others similarly situated, :
:
                               Plaintiffs, : Case No. 1:12-CV-07080
:
              vs. : Hon. John W. Darrah
:
J.P. MORGAN SECURITIES LLC, :
JPMORGAN CHASE BANK, N.A., :
JPMORGAN CHASE & CO., and J.P. :
MORGAN INVESTMENT MANAGEMENT :
INC., :
:
                              Defendants.

---------------------------------------------------------------------  x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I. THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER SLUSA .............. 1

    A. The Amended Complaint Alleges a "Misrepresentation or Omission" or "Manipulative or Deceptive Device or Contrivance" as Required Under SLUSA ................................................................................................................. 2

        1. Plaintiffs Cannot Avoid SLUSA Through Artful Pleading ........................ 3

        2. The Overwhelming Weight of Authority Requires Dismissal Under SLUSA ......................................................................................................... 4

        3. The Cases that Plaintiffs Rely Upon are Either Unpersuasive or Inapposite ..................................................................................................... 6

    B. The Alleged Material Misrepresentations, Omissions or Manipulative or Deceptive Devices or Contrivances Were "In Connection With" the Purchase or Sale of a Covered Security ................................................................ 7

II. THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ........................... 8

    A. Plaintiffs Fail to Allege the Elements of Their Breach of Contract Claim ............ 8

    B. Plaintiffs Fail to State a Breach of Fiduciary Duty Claim ..................................... 9

    C. Plaintiffs' Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing and Unjust Enrichment are Duplicative and Should be Dismissed ............................................................................................................. 10

III. PLAINTIFFS CLAIMS AGAINST JPMORGAN CHASE AND JPMIM SHOULD BE DISMISSED UNDER BOTH RULE 12(B)(6) AND 12(B)(1) ................................ 11

CONCLUSION .............................................................................................................................. 12

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Anderson v. Merrill Lynch, Pierce, Fenner, & Smith Inc.*,
 521 F.3d 1278 (10th Cir. 2008) ................................................................................... 2

*Aramony v. United Way of Am.*, 949 F. Supp. 1080
 (S.D.N.Y. 1996) ........................................................................................................ 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................. 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................ 9

*Boart Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp.
 2d 407 (S.D.N.Y. 2012) ............................................................................................ 11

*Brooks v. Key Trust Co. Nat'l Ass'n*, 26 A.D.3d 628 (N.Y.
 App. Div. 2006) ........................................................................................................ 10

*Brown v. Calamos*, 664 F.3d 123 (7th Cir. 2011), *cert.
 denied*, 132 S.Ct. 2774 (2012) ............................................................................ 3, 4, 5

*Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229
 (S.D.N.Y. 2011) .......................................................................................................... 9

*Felton v. Morgan Stanley Dean Witter & Co.*, 429 F. Supp.
 2d 684 (S.D.N.Y. 2006) ..................................................................................... 3, 5, 6

*Freeman Investments LP v. Pacific Life Insurance Co.*, No.
 09-55513, 2013 WL 11884 (9th Cir. Jan. 2, 2013) .................................................... 7

*Gavin v. AT&T Corp.*, 464 F.3d 634 (7th Cir. 2006) ....................................................... 8

*Goodman Mfg. Co. L.P. v. Raytheon Co.*, No. 98 civ. 2774
 (LAP) 1999 WL 681382 (S.D.N.Y. Aug. 31, 1999) .................................................. 9

*Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73
 (2d Cir. 2002) ........................................................................................................... 11

*Harsco Corp. v. Segui*, 91 F.3d 337 (2d Cir. 1996) ......................................................... 9

*James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296
 (E.D.N.Y. 2012) ......................................................................................................... 9

*Jorling v. Anthem, Inc.*, 836 F. Supp. 2d 821 (S.D. Ind.
 2011) ...................................................................................................................... 3, 4

*Kutten v. Bank of Am.*, No. 06-0937 (PAM), 2007 WL
    2485001 (E.D. Mo. Aug. 29, 2007) ............................................................................... 6

*L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir.
    2011) ............................................................................................................................. 11

*Levinson v. PSCC Services, Inc.*, 3:09-CV-00269 (PCD),
    2009 WL 5184363 (D. Conn. Dec. 23, 2009) ................................................................. 7

*Martinez v. E.I. DuPont De Nemours & Co., Inc.*, 2012 WL
    6840578 (Del. Super. Dec. 5, 2012) ............................................................................. 12

*McCabe v. Crawford & Co.*, 210 F.R.D. 631 (N.D. Ill.
    2002) ............................................................................................................................. 11

*Merrill Lynch, Pierce, Fenner, & Smith Inc. v. Dabit*, 547
    U.S. 71 (2006) ......................................................................................................... 2, 6, 7

*Norman v. Salomon Smith Barney, Inc.*, 350 F. Supp. 2d
    382 (S.D.N.Y. 2004) ....................................................................................................... 6

*Richek v. Bank of Am., N.A.*, No. 10-cv-6779, 2011 WL
    3421512 (N.D. Ill. Aug. 4, 2011) ............................................................................... 3, 8

*Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294 (3d
    Cir. 2005) ..................................................................................................................... 5, 7

*S.C. Rabin v. JPMorgan Chase Bank, N.A.,* No. 06 C 5452,
    2007 WL 2295795 (N.D. Ill. Aug. 3, 2007) ................................................................... 6

*Sahu v. Union Carbide Corp.*, 2012 WL 2422757
    (S.D.N.Y. June 26, 2012) ............................................................................................. 12

*Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305 (6th Cir.
    2009) ............................................................................................................................ 3, 6

*Segal v. Fifth Third Bank, N.A.,* No. 1:07-cv-348, 2008 WL
    819290 (S.D. Ohio March 25, 2008), *aff'd*, 581 F.3d 305
    (6th Cir. 2009) ................................................................................................................ 7

*Spencer v. Wachovia Bank, N.A.*, No. 05-81016, 2006 WL
    3408043 (S.D. Fla. May 10, 2006) ................................................................................. 6

*Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d
    1094 (N.D. Cal. 2005) .................................................................................................... 8

*Tralins v. JPMorgan Chase & Co*., No. 0652448/2012
    (N.Y Sup. Ct. July 13, 2012) ......................................................................................... 3

*William Kaufman Org., Ltd. v. Graham & James LLC*, 269
A.D.2d 171 (N.Y. App. Div. 2000) .......................................................................................... 10

*Zutty v. Rye Select Broad Mkt. Prime Fund, L.P.*, 939
N.Y.S.2d 745, 2011 WL 5962804 (N.Y. Sup. Ct. 2011) ......................................................... 11

## **STATUTES**

15 U.S.C. § 77p(b) ........................................................................................................................ 1

Federal Rule 8 ................................................................................................................................ 8

Federal Rule 9(b) ........................................................................................................................... 8

Rule 12(b)(1) ................................................................................................................................ 11

Rule 12(b)(6) ................................................................................................................................ 11

**PRELIMINARY STATEMENT**

Seeking to avoid dismissal under SLUSA, Plaintiffs' Opposition attempts to frame the Amended Complaint as alleging simple breach of contract and fiduciary duty claims that have nothing to do with the purchase or sale of proprietary mutual funds. Plaintiffs misread their own pleading. This is not an action about disputed contract terms or contracted for services that were not provided. As numerous courts have held, it is the substance of a complaint, not its form, which determines whether SLUSA applies; artful pleading designed to hide the nature of a complaint is insufficient to circumvent SLUSA. In substance, the Amended Complaint seeks to allege a purported self-dealing, fraudulent scheme, replete with both misrepresentations and omissions, carried out for the sole purpose of selling Defendants' proprietary products. This is precisely the type of putative class action that SLUSA precludes. For this reason, and independently because Plaintiffs fail to state a claim upon which relief can be granted, the Amended Complaint should be dismissed with prejudice. Separately, Plaintiffs' claims against JPMorgan Chase and JPMIM should be dismissed for failure to state a claim and lack of standing.

**ARGUMENT**

I. THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER SLUSA

Plaintiffs do not dispute that this lawsuit constitutes a covered class action alleging state law claims that involve a covered security. The only requirements of SLUSA that are challenged in Plaintiffs' Opposition are (i) whether the Amended Complaint alleges either a "misrepresentation or omission" or "manipulative or deceptive device or contrivance," that is (ii) "in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b). These are straightforward requirements that have been interpreted broadly by the Supreme Court. *See*

*Merrill Lynch, Pierce, Fenner, & Smith Inc. v. Dabit*, 547 U.S. 71 (2006).[1] As set forth below, both requirements are satisfied here and dismissal with prejudice is warranted.

> A. The Amended Complaint Alleges a "Misrepresentation or Omission" or "Manipulative or Deceptive Device or Contrivance" as Required Under SLUSA

The gravamen of the Amended Complaint is a purported self-serving scheme by Defendants to sell proprietary products to unsuspecting clients in order to collect additional fees. Plaintiffs allege, *inter alia*, that:

- "Defendants [] instituted centralized policies and practices [] to . . . push[] and incentiviz[e] their financial advisors to put the financial interests of Defendants ahead of the financial interests of the clients." Am. Compl. ¶ 3. *See also id.* ¶ 61.

- "JPMorgan exploited its contacts with . . .WaMu account holders to generate substantial fees from fund switching." *Id.* ¶ 72.

- "Defendants have been unjustly enriched through a self-dealing scheme aimed at enriching themselves at the expense of Plaintiffs and other members of the Class." *Id.* ¶ 99.

As part of this scheme, Plaintiffs allege, in substance, that Defendants' clients were misled. *See, e.g., id.* ¶ 74 (WaMu "clients who became Defendants' account-holding clients paid fees expecting to receive competent and diligent core services. Instead, these clients were exploited"). Plaintiffs allege Defendants made statements on websites, in marketing materials and in SEC filings, that*, inter alia,* Defendants put their "clients' interests first" (*id.* ¶ 24); "work closely with [clients] to understand [the clients'] unique needs" (*id.* ¶ 26); and that "JPMorgan Funds undergo the same initial due diligence and ongoing monitoring that unaffiliated third party mutual funds in the Program undergo" (*id.* ¶ 34). According to Plaintiffs' allegations, these were misstatements; instead of working towards their clients' best interests or understanding clients' "unique needs," Defendants purportedly instituted practices and procedures designed to "steer[]

---

[1] Contrary to Plaintiffs' contention, the Amended Complaint need not plead reliance on the misrepresentations and omissions at issue. *See* Pls.' Opp'n Br. at 7; *Anderson v. Merrill Lynch, Pierce, Fenner, & Smith Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) ("the weight of the authority is overwhelmingly against" the argument that SLUSA requires reliance).

2

clients into proprietary funds and investments in order to collect more fees . . . ." *Id.* ¶ 44.

Plaintiffs argue that Defendants' statements describe their contractual and fiduciary obligations (which purportedly were not satisfied) and therefore are not misrepresentations under SLUSA. *See* Pls.' Opp'n Br. at 7. This is a distinction without a difference. Even if the statements at issue describe obligations, they are still misrepresentations that satisfy SLUSA. *Felton v. Morgan Stanley Dean Witter & Co.*, 429 F. Supp. 2d 684, 693 (S.D.N.Y. 2006) (defendants' statements may have resulted in a breach of "standardized contracts," but are "also a quintessential example of a fraudulent omission . . . under the federal securities laws.").

  1. **Plaintiffs Cannot Avoid SLUSA Through Artful Pleading**

Contrary to Plaintiffs' assertion, Defendants do not seek to "look behind the allegations to divine what is possibly implied," but instead, properly ask this Court to disregard Plaintiffs' artful pleading just as the Seventh Circuit did in *Brown* and as courts have done uniformly across the country. Pls.' Opp'n Br. at 4; *See Brown v. Calamos*, 664 F.3d 123, 126 (7th Cir. 2011) (disregarding disclaimer, like the one here, that there were no allegations of fraud), *cert. denied*, 132 S.Ct. 2774 (2012); *Richek v. Bank of Am., N.A.*, No. 10-cv-6779, 2011 WL 3421512, at *3 (N.D. Ill. Aug. 4, 2011) ("[W]hen analyzing SLUSA preclusion, courts are guided by the substance rather than form of a claim."); *Jorling v. Anthem, Inc.*, 836 F. Supp. 2d 821, 835 (S.D. Ind. 2011) ("Artful pleading cannot be used to frustrate the purposes of PSLRA and SLUSA.").

Plaintiffs cannot avoid dismissal under SLUSA by editing out of their complaint words such as "fraud," "misrepresentation" or "omission." *See Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305, 310-11 (6th Cir. 2009) ("[A] claimant can no more elude SLUSA's prohibitions by editing out covered words from the complaint than disclaiming their presence."). Plaintiffs argue that the abandoned complaint filed by their same counsel in *Tralins v. JPMorgan Chase & Co.*, No. 0652448/2012 (N.Y Sup. Ct. July 13, 2012), should have no bearing on this Court's

3

decision. *See* Pls.' Opp'n Br. at 4. The *Tralins* Complaint, however, is particularly relevant to this Court's inquiry because it illustrates the true substance of Plaintiffs' claims. *Tralins* was based on the very same purported underlying conduct that is at issue here and, in describing that conduct, expressly alleged misrepresentations omissions and fraud. *See, e.g., Tralins* Compl. ¶ 70 ("JPMorgan's conduct . . . was undertaken with a fraudulent, wanton, or evil motive in conscious disregard of the rights of Plaintiff . . . .").

In *Jorling v. Anthem*, the court looked to a prior complaint filed by plaintiffs' counsel in a related matter (just like the *Tralins* Complaint here) and found it "[t]elling[]" that "in [the earlier complaint], the plaintiffs appear to be much more forthcoming with their allegations of failure to disclose or fraud or both." 836 F. Supp. 2d at 835.[2] The *Jorling* court held that "allowing Jorling's class action complaint to survive SLUSA because he carefully blotted out certain allegations would undermine federal securities law." *Id.* Indeed, the Seventh Circuit in *Brown* recognized that allowing a plaintiff to amend his complaint to delete a fraud allegation "would not be credible" because of the "likelihood that [plaintiff] would do everything he could to sneak the allegation back into the case, if the complaint were amended . . . ." 664 F.3d at 131. Here, where the Amended Complaint represents Plaintiffs' counsels' third attempt to plead around SLUSA, their argument that this case does not (and will not) involve allegations of fraud is simply not credible and fails under the logic of *Brown*.

   2. The Overwhelming Weight of Authority Requires Dismissal Under SLUSA

In *Brown*, the Seventh Circuit found dismissal appropriate where, as here, "the allegations of the complaint make it likely that an issue of fraud will arise in the course of the litigation" and "the allegation of fraud would be difficult and maybe impossible to disentangle"

---

[2] Plaintiffs fail to address *Jorling* or even cite to it in their Opposition, even though it is the only relevant SLUSA case in this Circuit that has been decided since *Brown*.

4

from the state law claims asserted. *Id.* at 128-29. Plaintiffs contend that *Brown* is distinguishable because the plaintiff there alleged "an actual misrepresentation in the form of a public statement made by defendants, and asserted that the defendants omitted to disclose certain conflicts of interest." Pls.' Opp'n Br. at 8. This, however, is no distinction—as set forth above, the Amended Complaint contains numerous allegations of purported misrepresentations (in the form of public statements) and omissions integral to the alleged deceptive scheme which forms the basis of this lawsuit.[3] Like *Brown*, the Amended Complaint expressly references the "clear conflicts of interest that are implicated" by Defendants' alleged practices. Am. Compl. ¶ 43.

The overwhelming majority of decisions in similar cases have dismissed under SLUSA. For example, in *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 299-302 (3d Cir. 2005) and *Felton*, 429 F. Supp. 2d at 687-88, 693, plaintiffs brought breach of contract claims based on allegedly biased analyst reports issued by defendants—*i.e.,* plaintiffs claimed that defendants engaged in self-dealing by providing research reports that favored their respective investment banking clients. In each case, the court rejected plaintiffs' argument that their breach of contract claims did not involve a material misrepresentation or omission and found SLUSA to be satisfied.[4] *Rowinski*, 398 F.3d at 299-300; *Felton*, 429 F. Supp. 2d at 693.

---

[3] In *Brown*, the Seventh Circuit interpreted the public statements at issue to allege a misrepresentation, even though such statements did not "say this in so many words." 664 F.3d at 126-27. Similarly the *Brown* court found that the complaint alleged a misleading omission, "at least implicitly," even though an omission was not expressly alleged. *Id.* at 127.

[4] Plaintiffs attempt to distinguish *Felton* because it involved standardized contracts that were subject to federal and state law and rules and customs of industry self-regulatory organizations, one of which prohibited defendant from omitting material facts. Pls.' Opp'n Br. at 9-10. Here, however, Plaintiffs also allege that the standardized contracts incorporated "all laws, rules and regulations applicable . . . as well as customs and standards in the financial services industry . . . ." Am. Compl. ¶ 28. Moreover, like *Felton,* Plaintiffs allege a fraudulent scheme that involves the same omission of material fact—*i.e.* that Defendants purported to provide objective advice but in actuality provided biased advice.

Similarly, courts uniformly have applied SLUSA to dismiss cases where beneficiaries alleged self-dealing by a trustee's improperly investing trust assets in proprietary mutual funds. *See, e.g., Segal,* 581 F.3d at 309-10 (affirming dismissal where defendant "failed to inform trust beneficiaries that their trust accounts would be invested in proprietary mutual funds . . . [and] purported to 'provide planning 'advice' under the guise that the advice was customized when, in fact, it [was] not . . . .'"); *S.C. Rabin v. JPMorgan Chase Bank, N.A.,* No. 06 C 5452, 2007 WL 2295795, at *1 (N.D. Ill. Aug. 3, 2007) (dismissing claims where defendant purportedly schemed to invest "fiduciary account assets into its proprietary mutual fund . . . without regard to whether such investments were in the best interests of the beneficiaries."); *Kutten v. Bank of Am.*, No. 06-0937 (PAM), 2007 WL 2485001, at *5 (E.D. Mo. Aug. 29, 2007) (applying SLUSA where plaintiffs alleged that defendant bank transferred assets to proprietary funds "under the guise of providing individual and customized management of assets, but in fact were a cloak for self-dealing . . . ."); *Spencer v. Wachovia Bank, N.A.*, No. 05-81016, 2006 WL 3408043, at *1 (S.D. Fla. May 10, 2006) (dismissing claims where defendants purportedly engaged in self-dealing by investing assets into an affiliated fund).

3. The Cases that Plaintiffs Rely Upon are Either Unpersuasive or Inapposite

Plaintiffs' heavy reliance on *Norman v. Salomon Smith Barney, Inc.*, 350 F. Supp. 2d 382 (S.D.N.Y. 2004), is misplaced. *Norman* involved facts nearly identical to the *Felton* case. *Norman* was decided nearly two years before *Felton* and, significantly, prior to both the Second Circuit's and the Supreme Court's decisions in *Dabit.* As even Plaintiffs acknowledge, *Norman* is not consistent with other decisions in the Southern District of New York, the district from which it was issued. *See* Pls.' Opp'n Br. at 5. Several courts have agreed, calling *Norman's* holding into question. *See Segal v. Fifth Third Bank, N.A.,* No. 1:07-cv-348, 2008 WL 819290, at *6 (S.D. Ohio March 25, 2008) ("*Norman* was clearly driven by the fact that plaintiffs were

6

not purchasers or sellers of securities."), *aff'd*, 581 F.3d 305 (6th Cir. 2009); *Levinson v. PSCC Services, Inc.*, 3:09-CV-00269 (PCD), 2009 WL 5184363, at *12 (D. Conn. Dec. 23, 2009) (plaintiff's reliance on *Norman* was unpersuasive, in part, because the case preceded *Dabit*). Plaintiffs also cite *Freeman Investments LP v. Pacific Life Insurance Co.*, No. 09-55513, 2013 WL 11884 (9th Cir. Jan. 2, 2013). In *Freeman*, defendants purportedly breached their contract by deviating from industry accepted norms in calculating the "cost of insurance" charge. *Id.* at *2. The court characterized this allegation as "a dispute about the meaning of a key contract term" and noted that to succeed "plaintiffs need not show that [defendant] misrepresented the cost of insurance or omitted critical details." *Id.* at *2-3. Unlike *Freeman*, this case is not about the interpretation of a key contract term and, as such, *Freeman* is inapposite.

> B. The Alleged Material Misrepresentations, Omissions or Manipulative or Deceptive Devices or Contrivances Were "In Connection With" the Purchase or Sale of a Covered Security

Following *Dabit,* there can be no question that SLUSA's "in connection with" requirement is broad and extends to conduct that "coincides" with the purchase and sale of securities. *See Dabit*, 547 U.S. at 85-86 ("The presumption that Congress envisioned of a broad construction follows not only from ordinary principles of statutory construction but also from the particular concerns that culminated in SLUSA's enactment"); *Rowinski*, 398 F.3d at 302 (finding a "fraudulent scheme" that "coincides" with purchase and sale of securities).

Plaintiffs incorrectly argue that their claims are not "in connection with" the purchase or sale of Defendants' proprietary funds. A plain reading of the Amended Complaint refutes this argument. *See, e.g.*, Am. Compl. ¶ 4 ("Defendants hired hundreds of new financial advisors and pressured and incentivized them to *sell* proprietary JPMorgan funds and investments to as many clients as possible . . . .") (emphasis added); *id.* ¶ 74 ("[WaMu] clients were exploited by being *switched* to JPMorgan proprietary funds from other fund families . . . .") (emphasis added).

7

Even the definition of the class propounded by Plaintiffs in the very first paragraph of the Amended Complaint states: "This is a class action . . . brought on behalf of all financial advisory clients of Defendants . . . whose funds were *placed* in Defendants' and/or their affiliates' proprietary mutual funds . . . ." *Id.* ¶ 1 (emphasis added).

Plaintiffs contend, without support, that they were harmed even if they did not purchase proprietary funds. *See* Pls.' Opp'n Br. at 12. It is impossible to imagine though how clients who did not buy proprietary funds, could have been harmed by a scheme to sell such funds. Further, the cases cited by Plaintiffs are inapposite. In *Gavin v. AT&T Corp.*, the Seventh Circuit found that the "in connection with" requirement was not satisfied because the complained of misconduct occurred months after the securities transaction at issue. 464 F.3d 634, 638 (7th Cir. 2006). Here, unlike in *Gavin*, the alleged misconduct directly coincides with the sale of proprietary funds. *See Richek*, 2011 WL 3421512, at *5 (rejecting plaintiff's reliance on *Gavin* because "[i]n contrast to *Gavin*, the essence of Plaintiff's amended complaint is that the Bank made misrepresentations and omitted material facts regarding conflicts of interest and fees *relating to* the transfer of trust assets into mutual funds.") (emphasis original).[5]

II. THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A. Plaintiffs Fail to Allege the Elements of Their Breach of Contract Claim

Contrary to Plaintiffs' contention, bare conclusory allegations are not sufficient to satisfy the pleading standards of either Federal Rule 8 or Rule 9(b). Under New York law, plaintiffs must allege the particular agreement entered into and the provisions of the agreement

---

[5] Additional cases cited by Plaintiffs were either decided pre-*Dabit* or found the "in connection with" requirement was not met because the securities transaction in question was between defendants and third parties. *See, e.g.*, *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1103 (N.D. Cal. 2005).

purportedly breached. *See James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 322 (E.D.N.Y. 2012) (dismissing claim where "plaintiff has not specifically identified the contract (or contracts) at issue and has not specified the terms of the agreement that defendant purportedly breached"); *Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229, 258-59 (S.D.N.Y. 2011) (dismissing claim where plaintiffs did not "provide facts regarding any specific contract between the parties, how or when such contract was formed, or any terms of the contract(s)").[6]

Here, Plaintiffs fail to identify the contracts that they entered into with Defendants or any specific provisions that were purportedly breached. Plaintiffs' allegations regarding statements made outside of the contract—*e.g.* allegations regarding brochures filed with the SEC—"cannot substitute for allegations regarding the contract" allegedly breached. *See Eaves*, 785 F. Supp. 2d at 259. Plaintiffs also fail to allege either a breach or injury. Plaintiffs' Opposition simply repeats conclusory allegations that Defendants' alleged scheme to sell proprietary products breached contractual obligations to act in clients' best interests and that such breach "resulted in damages through Defendants improper collection" of fees. Pls.' Opp. Br. at 16-17. Plaintiffs never allege that they were harmed by investing in proprietary funds—*i.e.,* that the purported investments were unsuitable, performed poorly or, overall, were not in Plaintiffs' best interests.

### B. Plaintiffs Fail to State a Breach of Fiduciary Duty Claim

Plaintiffs fail to allege the existence of a fiduciary duty. The Amended Complaint addresses fiduciary duty only in relation to Plaintiffs' status as clients (a status that could only arise under a contract) yet fails to identify the contracts by which Defendants agreed to a

---

[6] Most of the cases cited by Plaintiffs are over a decade old and all pre-date *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, in two cases, the provision of the contract purportedly breached was specifically pled. *See Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *Goodman Mfg. Co. L.P. v. Raytheon Co.*, No. 98 civ. 2774 (LAP), 1999 WL 681382, at *13 (S.D.N.Y. Aug. 31, 1999).

9

fiduciary relationship. *See* Am. Compl. ¶¶ 21-27. Moreover, in their Opposition, Plaintiffs disclaim reliance on statements outside of contracts that purportedly show Defendants' fiduciary duties. *See* Pls.' Opp'n Br. at 7 ("Plaintiffs do not allege that they relied on or even saw any such statements."). Further, Plaintiffs fail to allege a breach of fiduciary duty or injury—there are no allegations that the proprietary funds performed poorly or were unsuitable investments.

In addition, contrary to Plaintiffs' contention, Defendants' purported fiduciary duties are not independent—their fiduciary duty claim is duplicative because it is "based upon the same facts and theories as [plaintiff's] breach of contract claim." *See Brooks v. Key Trust Co. Nat'l Ass'n*, 26 A.D.3d 628, 630 (N.Y. App. Div. 2006) (dismissing fiduciary duty claim as duplicative notwithstanding that defendants' role as "financial advisor with discretionary authority to manage his investment accounts created a fiduciary duty"); *William Kaufman Org., Ltd. v. Graham & James LLC*, 269 A.D.2d 171, 173 (N.Y. App. Div. 2000). Further, Plaintiffs' argument that Defendants "implicitly acknowledged" duties outside the contract by agreeing to "perform duties consistent with applicable fiduciary duties" is without support in the Amended Complaint or otherwise. Pls.' Opp'n Br. at 20. Plaintiffs fail to identify what particular "duties" Defendants agreed to perform or the particular agreement in which this was stated. Moreover, despite Plaintiffs' warning of absurd results, dismissing a fiduciary duty claim as duplicative will not insulate defendants from liability for adequately pled breach of contract claims.

### C. Plaintiffs' Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing and Unjust Enrichment are Duplicative and Should be Dismissed

Where, as here, the conduct alleged is the predicate for both an implied covenant of good faith and fair dealing claim and a breach of contract claim, the implied covenant claim should be

10

dismissed as duplicative.[7] *See Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002). Such a claim should not be deemed an alternative cause of action. *See Boart Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp. 2d 407, 420 (S.D.N.Y. 2012) (finding "more recent Second Circuit case law indicates that dismissal for redundancy is the appropriate outcome") (citing, *e.g., L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 434, n.17 (2d Cir. 2011). Duplicative unjust enrichment claims also must be dismissed. *See Zutty v. Rye Select Broad Mkt. Prime Fund, L.P.*, 939 N.Y.S.2d 745, 2011 WL 5962804, at *8 (N.Y. Sup. Ct. 2011).

III. PLAINTIFFS CLAIMS AGAINST JPMORGAN CHASE AND JPMIM SHOULD BE DISMISSED UNDER BOTH RULE 12(B)(6) AND 12(B)(1)

Plaintiffs affirmatively plead that they entered into advisory agreements (albeit unidentified ones, *see supra* at Sec. II.A) with JPMC Bank and JPMS LLC. Am. Compl. ¶¶9-12. There are no such allegations with respect to either JPMorgan Chase or JPMIM. Plaintiffs allege that Defendants' status as investment advisor creates a fiduciary relationship, but neither JPMorgan Chase nor JPMIM are alleged to have contracted with Plaintiffs to act as investment advisors. *Id.* ¶ 22; Pls.' Opp'n Br. at 17-18. JPMorgan Chase is not itself, nor does it directly employ, investment advisors (*see* Horan Aff. ¶ 5). The fact that JPMIM is a registered investment advisor is irrelevant—even if it is an investment advisor to certain clients, JPMIM cannot possibly have fiduciary duties to individuals that are not its clients.

Plaintiffs' unjust enrichment claim against JPMorgan Chase and JPMIM should be dismissed because the basis of this claim is the management fees that Plaintiffs purportedly paid

---

[7] Duplicative claims "rel[y] on identical allegations of fact and law" such that where one claims fails, the other claim fails. Claims plead in the alternative, however, may succeed independently from one another. *See Aramony v. United Way of Am.*, 949 F. Supp. 1080, 1084 n.2 (S.D.N.Y. 1996). Here, Plaintiffs should not be permitted to benefit, and be deemed to have pled claims in the alternative, because they failed to identify the particular contracts purportedly breached. *See McCabe v. Crawford & Co.*, 210 F.R.D. 631, 639 n.4 (N.D. Ill. 2002).

for advice that they "contracted to receive" from JPMS LLC and JPMC Bank; not from JPMorgan Chase or JPMIM. *See* Am. Compl. ¶ 9-12. *See also* Horan Aff. ¶ 8 ("JPMorgan Chase is not in the business of charging management fees to individuals"). Plaintiffs' implied covenant of good faith and fair dealing claim against JPMorgan Chase and JPMIM fail because only the "the conduct of each party to a contract is subject to the implied covenant . . . ." Am. Compl. ¶ 86. Finally, Plaintiffs do not even attempt to set forth allegations sufficient to pierce the corporate veil. *See* Pls.' Opp'n Br. at 23 n.87. Instead, Plaintiffs try to argue that JPMorgan Chase engaged in direct wronging. *Id*. at 23. But this kind of "end-run around the presumption of separate corporate identity and veil-piercing requirements" is unavailing. *Sahu v. Union Carbide Corp.*, 2012 WL 2422757, at *5 (S.D.N.Y. June 26, 2012); *Martinez v. E.I. DuPont De Nemours & Co.*, 2012 WL 6840578, at *11 (Del. Super. Dec. 5, 2012).

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss the Amended Complaint in its entirety, with prejudice.

Dated: February 21, 2013

Respectfully submitted,

By: /s/ Stephen V. D'Amore
Stephen V. D'Amore (#6224741)
Michael S. Pullos (#6293587)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
sdamore@winston.com

and

Jonathan K. Youngwood (pro hac vice)
Janet A. Gochman (pro hac vice)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000
*Attorneys for Defendants*

12

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **Reply Memorandum of Law in support of Defendants' Motion to Dismiss the Amended Complaint** was served on counsel for all parties electronically via the CM/ECF system on February 21, 2013.

Dated: February 21, 2013 /s/ Stephen V. D'Amore