UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA HOLTZ, AUNT MARLENE FOUNDATION, and STEVEN GREENSPON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 12-cv-7080 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| J.P. MORGAN SECURITIES LLC; JPMORGAN CHASE BANK, N.A.; JPMORGAN CHASE & CO.; and J.P. MORGAN INVESTMENT MANAGEMENT INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Patricia Holtz, Aunt Marlene Foundation, and Steven Greenspon ("Plaintiffs"), individually and on behalf of all others similarly situated, have filed a class action complaint against Defendants, J.P. Morgan Securities LLC; JPMorgan Chase Bank, N.A.; JPMorgan Chase & Co.; and J.P. Morgan Investment Management Inc., asserting claims for breach of contract and good faith and fair dealing (Count I), breach of fiduciary duty (Count II), and unjust enrichment (Count III). Defendants have filed a Motion to Dismiss Plaintiffs' Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## BACKGROUND

The following facts are drawn from Plaintiffs' Amended Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiffs purport to bring a class action on behalf of all financial advisory clients of Defendants, from January 1, 2008 through the present, whose assets were

placed in Defendants' and/or their affiliates' proprietary mutual funds and who were charged investment management fees by Defendants.  (Am. Compl. ¶ 1.)

According to Plaintiffs, Defendants pushed and incentivized their financial advisors to put Defendants' own financial interests ahead of those of their clients.  (*Id.* ¶ 3.)  In particular, Defendants required their financial advisors to strongly push and sell Defendants' own proprietary mutual funds and investments, as opposed to those funds and investments managed by third parties.  (*Id.*)  As a result of these practices, Defendants were able to substantially grow their assets and collect management fees, including the fees from JPMorgan-affiliated funds and investments themselves, as well as the fees from JPMorgan-affiliated entities that managed and provided services to the JPMorgan funds and investments.  (*Id.*)

Defendants utilized a generous bonus structure to incentivize and pressure their financial advisors to steer or "switch" clients into JPMorgan proprietary funds and investments.  (*Id.* ¶¶ 5, 7.)  These switches were done for no other reason than to maximize revenues for Defendants' self-interested reasons and were contrary to client interests and not the result of research and analysis performed by the financial advisors.  (*Id.* ¶ 7.)  In contrast, financial advisors were not rewarded with high bonuses based on client performance or for placing clients in non-JPMorgan-sponsored investments.  (*Id.* ¶ 7.)

Plaintiffs aver that Defendants breached contractual and fiduciary duties to act in their clients' best interests.  Plaintiffs point to Defendants' statements about their fiduciary and contractual duties to clients that appear on JPMorgan's website and also in documents filed with the Securities and Exchange Commission (the "SEC"), as admissions by the Defendants regarding the nature of Defendants' obligations.  Plaintiffs specifically disclaim that their

allegations are not to be construed as allegations of fraud, misrepresentation or material

omission.  (*See* Am. Compl. ¶¶ 1, 23-26, 35-40; Pl.'s Resp. Br. at pp. 8-9.)

     Defendants have moved to dismiss Plaintiffs' Amended Complaint for three reasons.

First, Defendants contend that Plaintiffs' claims are covered by the Securities Litigation Uniform

Standards Act of 1998 ("SLUSA") and, therefore, subject to dismissal pursuant to Rule 12(b)(6).

Second, Defendants contend that the Amended Complaint should be dismissed for failure to state

a claim under Rule 12(b)(6).  Finally, Defendants argue that Plaintiffs' claims against

Defendants JPMorgan Chase & Co. and J.P. Morgan Investment Management Inc. should be

dismissed for lack of standing pursuant to Rule 12(b)(1).

## LEGAL STANDARD

     To properly assert a claim in a complaint, the plaintiff must present "a short and plain

statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief

sought."  Fed.R.Civ.P. 8.  Rule 8 "does not require 'detailed factual allegations,' but it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  While a court is to accept all allegations contained in a complaint as true, this principle

does not extend to legal conclusions.  *Iqbal*, 129 S.Ct. at 1949.

     The Federal Rules further permit a defendant to move to dismiss a claim if the plaintiff

fails "to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  To defeat a

motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a

claim for relief that is "plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S.

at 570).  "While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations."  *Iqbal*, 129 S.Ct. at 1950.  A threadbare statement of a claim

supported by a conclusory statement is insufficient. *Iqbal*, 129 U.S. at 1949 (citing *Twombly*, 550 U.S. at 555).

Federal Rule 12(b)(1) also permits a defendant to move for dismissal of a claim where there is a lack of subject-matter jurisdiction, including whether the plaintiff has standing. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). As with motions to dismiss under Rule 12(b)(6), all material allegations of the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). However, the plaintiff bears the burden of showing that it meets all the elements necessary for standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

## ANALYSIS

### *Defendants' Motion to Dismiss Under SLUSA*

SLUSA precludes a "covered class action" that is based on state law and that alleges "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 74 (2006) (quoting 15 U.S.C. § 78bb(f)(1)(A))). In *Dabit*, 547 U.S. at 86-87, the Supreme Court held that SLUSA's "in connection with the purchase or sale of securities" requirement should be construed broadly. A lawsuit precluded by SLUSA cannot be brought in state or federal court. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 (2006). Under Seventh Circuit law, the proper remedy for a suit barred by SLUSA is dismissal with prejudice. *Brown v. Calamos*, 664 F.3d 123, 128 (7th Cir. 2011) ("[W]hen SLUSA is a bar, it operates as an affirmative defense, which is a defense on the merits, not a jurisdictional defense.").

4

Defendants argue that Plaintiffs have alleged claims that are essentially fraud in connection with the sale and purchase of securities and that, as such, those claims are precluded by SLUSA. Plaintiffs seemingly do not dispute that their Amended Complaint asserts a "covered class action" under SLUSA, but unsurprisingly, strenuously object to the characterization of their claims as fraud. Plaintiffs make two arguments: (1) that the Amended Complaint asserts state law claims for breaches of contractual and fiduciary duties and does not allege misrepresentations or omissions of material fact to support a fraud claim; and (2) that the alleged wrongful acts were not done "in connection" with the purchase or sale of a security.

<u>Material Misrepresentations or Omissions</u>

When evaluating whether SLUSA applies, "the analysis must focus on the *substantive concepts* inherent in the complaint's allegations – not merely the words used." *Jorling v. Anthem, Inc.*, 836 F. Supp. 2d 821, 834 (S.D. Ind. 2011) (emphasis in original) (citing *Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305 (6th Cir. 2009), and *Brown*, 664 F.3d at 128-29). SLUSA may not be eluded simply through "artful pleading" that omits words such as fraud or misrepresentation but still relies on those concepts. *Segal*, 581 F.3d at 311; *see also Brown*, 664 F.3d at 130; *Richek v. Bank of Am., N.A.*, No. 10-cv-6779, 2011 WL 3421512, at *3 (N.D. Ill. Aug. 4, 2011) ("when analyzing SLUSA preclusion, courts are guided by substance rather than the form of a claim.") (internal citations and quotations omitted). Therefore, Plaintiffs' disclaimer of fraud alone is not sufficient to avoid SLUSA, and the underlying allegations must be evaluated as to whether SLUSA applies.

In *Brown*, 664 F.3d 123, the Seventh Circuit affirmed the dismissal under SLUSA of a class action complaint that alleged that company officials breached their fiduciary duties and were unjustly enriched when the company redeemed certain preferred stocks in a way that

benefitted its investment banks and brokers to the detriment of its common shareholders. After surveying the standards used by the Sixth, Third and Ninth Circuits, the *Brown* court stated that a suit "is barred by SLUSA only if the allegations of the complaint make it likely that an issue of fraud will arise in the course of the litigation – as in this case." *Id.* at 128-29. The Seventh Circuit elaborated, holding that "the allegations of fraud would be difficult and maybe impossible to disentangle from the charge of breach of the duty of loyalty that the defendants owed their investors." *Id.* at 129.

In *Jorling*, 836 F. Supp. 2d 831, the class action plaintiff, a former mutual member of the defendant insurance company, alleged that the defendant failed to disclose key information during its demutualization process whereby plaintiff chose stock over cash in exchange for his ownership interests. The district court, following the standard articulated in *Brown*, held that SLUSA barred the plaintiff's complaint because it would be impossible to "disentangle" the securities fraud issue from the plaintiff's state law claims involving fiduciary failure and breach of contract. *Id.* at 835. In so holding, the court further refused to elevate "form over substance" simply because plaintiff "carefully blotted out certain allegations" relating to fraud. *Id.*

The case of *Felton v. Morgan Stanley Dean Witter & Co.*, 429 F. Supp. 2d 684 (S.D.N.Y. 2006) is also instructive. In that case, the plaintiffs, investors with Morgan Stanley brokerage accounts, alleged that Morgan Stanley breached client agreements when it "failed to provide objective research and recommendations." *Id.* at 688. Morgan Stanley allegedly made biased recommendations based on its existing or desired investment banking deals, which benefitted Morgan Stanley. *Id.* at 693. The district court concluded, "without difficulty," that the plaintiffs' claim was a "securities fraud wolf dressed up in a breach of contract sheep's clothing."

6

*Id.* The court thus rejected the plaintiffs' "artful pleading" and held that the claims were preempted by SLUSA. *Id.* at 694-95.[1]

Here, Plaintiffs have alleged that Defendants publicly represented that they were acting in their clients' best interests, when, in fact, Defendants were acting in their own self-interest to the detriment of their clients. Defendants stated on their websites that "our clients come first," "we work to understand our clients' needs [and] offer informed advice," and "[w]e will work closely with you to understand your unique needs and create solutions designed to help you meet your financial goals." (Am. Compl. ¶¶ 23, 24, 26.) Furthermore, Defendants, in documents filed with the SEC, stated that "JPMorgan funds are evaluated on the same criteria as unaffiliated funds." (Comp. ¶ 37.) However, according to Plaintiffs, Defendants did not perform these services. Instead, Defendants financially incentivized their financial advisors to cease performing honest and competent account management services" and instructed their financial advisors "not to bother conducting the research and analysis necessary for client investments." Furthermore, Defendants encouraged their advisors "to sell this or that JPM proprietary fund above all else" and subjected them to "disciplinary action" if they failed to do so. (Am. Compl. ¶¶ 49, 54, 58, 60, 61.)

---

[1] Plaintiffs rely heavily on the S.D.N.Y district court case, *Norman v. Salomon Smith Barney, Inc.*, 350 F. Supp. 2d 382 (S.D.N.Y. 2004), in which the court held that the plaintiff investor's action against his investment advisor for breach of contract and fiduciary duty was not preempted by SLUSA. However, *Norman* is not persuasive for several reasons. It predates the Supreme Court's decision *Dabit*, 547 U.S. at 86-87, in which the Supreme Court held that SLUSA's "in connection" requirement should be interpreted broadly. Furthermore, it predates the Seventh Circuit's decision in *Brown*, 664 F.3d at 129, which is controlling in this court. Likewise, it predates another S.D.N.Y. district court decision, *Felton*, 429 F. Supp. 2d 684, which had similar facts to *Norman* but nonetheless found that SLUSA precluded the plaintiffs' claims. Other courts have similarly distinguished *Norman* and found it unpersuasive. *See, e.g., Dommert v. Raymond James Financial Servs.*, No. 1:06-CV-102, 2007 1018234 (E.D. Tex. Mar. 29, 2007); *Segal v. Fifth Third Bank, N.A.*, No. 1:07-cv-348, 2008 WL 812990 (S.D. Ohio Mar. 25, 2008).

Although, as mentioned above, Plaintiffs attempt to limit the nature of these allegations to admissions by the Defendants regarding their obligations to Plaintiffs, the substance of Plaintiffs' allegations, when considered in their entirety, amounts to a claim of a fraudulent scheme by Defendants to sell Defendants' own proprietary mutual funds at the expense of their financial advisory clients. Plaintiffs' Amended Complaint is replete with allegations that Defendants misrepresented its services for its own financial gain. The allegations of Plaintiffs' Amended Complaint "make it likely that an issue of fraud will arise in the course of the litigation." *Brown*, 664 F.3d at 128-29. As in *Brown*, 664 F.3d at 129, and *Jorling*, 836 F. Supp. 2d at 835, it will "be difficult and maybe impossible to disentangle" the fraud from Plaintiffs' contractual and fiduciary duty claims. Consequently, despite Plaintiffs' artful pleading, the Amended Complaint presents a claim for fraud.

<u>In Connection with Securities</u>

Plaintiffs next argue that the alleged wrongful acts were not done "in connection" with the purchase or sale of a security. As mentioned above, the Supreme Court announced in *Dabit*, 547 U.S. at 86-87, that SLUSA's "in connection with the purchase or sale of securities" requirement must be subjected to a broad construction. The Supreme Court explained that "it is enough that the fraud alleged 'coincide' with a securities transaction —whether by the plaintiff or by someone else." *Id.* at 86 (internal citations omitted).

The heart of Plaintiffs' Amended Complaint relates to the sale of Defendants' proprietary mutual funds, which hold securities. *See, e.g., Jones v. Harris Associates L.P.*, 130 S.Ct. 1418, 1422 (2010) ("A mutual fund is a pool of assets, consisting primarily of [a] portfolio [of] securities, and belonging to the individual investors holding shares in the fund.") (internal quotations and citations omitted). Indeed, Plaintiffs have defined their class brought on behalf of

8

"all financial advisory clients of Defendants . . . whose funds were placed in Defendants' and/or their affiliates' proprietary mutual funds." (Am. Compl. ¶ 1.)

Although Plaintiffs rely on *Gavin v. AT&T Corp.*, 464 F.3d 634, 638 (7th Cir. 2006), that case does not support their argument. In *Gavin*, the Seventh Circuit held that the securities transaction, which took place months before the fraudulent omission, was not sufficiently related to the fraud so as to invoke SLUSA. *Id.* at 638-39. Unlike *Gavin*, here the alleged fraud directly relates to the sale of proprietary mutual funds and satisfies SLUSA's "in connection" requirement. *See Dabit*, 547 U.S. at 86-87.

Plaintiffs' Amended Complaint is preempted by SLUSA and, therefore, must be dismissed with prejudice. *See Brown*, 664 F.3d at 128.[2]

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [46] is granted. The Amended Complaint is dismissed with prejudice.


Date:   June 26, 2013                            _____

JOHN W. DARRAH
United States District Court Judge

---

[2] Since SLUSA preempts the Amended Complaint, Defendants' other bases for dismissal do not need to be addressed.

9